BATURA, Respondent, vs. SCHWERSINSKE and others, Appellants.

*December 5, 1940—March 11, 1941.*

For the appellants there were briefs by *Reilly & Cosgrove* of Fond du Lac, attorneys, and *Regan & McCue* of Milwaukee of counsel, and oral argument by *F. W. Cosgrove*.

*J. E. O'Brien* of Fond du Lac, for the respondent.

The following opinion was filed January 7, 1941:

ROSENBERRY, C. J.    On the 30th day of October, 1939, at about 5:30 p. m., the defendant Schwersinske was driving his automobile south on a gravel road on the outskirts of the city of Fond du Lac, which road was known as Lake Shore drive.   Lake Shore drive extends from Highway No. 45 to Highway No. 41.   As he was traveling south, he testified that he had his lights lighted; that he was on his own right side of the road; that the brakes of his car were in good working order; that he was looking ahead and,—

"All at once about twenty-five or thirty feet ahead of me there was a bicycle on my right-hand side, coming down right next to the grass line."

That he swung his car to the left, drove off the road, turned around on a grassplot and came back, stopping at

about the point where he thought the collision had occurred; that he had not seen the boy on the roadway before the time when he saw him a distance of twenty-five or thirty feet ahead of him; that he was then about three feet from the grass; that he collided with the bicycle just as he swung to his left. He picked the boy up, took him to the hospital, reported to his employer, who in turn advised the sheriff's office.

There were no persons present at the time of the accident or within view of it except the deceased Batura and the defendant Schwersinske. It is undisputed that the bicycle collided with the car on the car's right side, there being a dent in the right fender and the windshield being broken on the car's right side.

Paul Coleman, traffic officer, testified that he went at once to the scene of the accident to investigate; that he found Batura's cap on the roadway right next to the grade line on the west side; that he found the bicycle in the grass to the west of the cap on the shoulder of the highway; that he picked up the cap and bicycle and then went to the hospital to interview Batura but was unable to talk to him. Batura died from the injuries which he sustained without regaining consciousness.

The only evidence from which the jury might have found that Schwersinske was negligent with respect to lookout and management was the testimony of a brother and brother-in-law of the deceased boy. They testified that they went to the scene of the accident on the Wednesday following the accident which happened on Monday evening. The testimony of other witnesses makes it seem quite probable that they went there on the Saturday following. They claim to have discovered a blood spot on the east side of the highway, to have found a bicycle track on the eastern half of the highway into which the tire of the Batura boy's bicycle fitted, and traced the course of the Schwersinske car from where it left the highway, turned around upon the grassplot and returned to the scene of the accident. However, it is clear from the

verdict of the jury that the jury rejected this evidence as they found that the defendant Schwersinske was on his own right or west side of the highway instead of on the left or east side where they claim they found bicycle tracks. If he was on the west side of the highway he could not have collided with a bicycle near the grass on the east side of the highway.

We are unable to find any evidence whatever that contradicts Schwersinske's statement that his car was in good condition; that he saw the boy as soon as he was within the range of his lights, and turned to the left in an effort to avoid the accident; that there was no time in which to blow his horn or do anything else to avoid it. The finding of the jury that he was negligent with respect to lookout and management rests upon pure speculation. All of the physical facts established upon the trial tend to corroborate the testimony given by Schwersinske. He testified that when he picked the boy up and tried to put him in the car after the accident, his car being on the easterly side of the highway where it was facing north, he could not arrange for the boy's body in the car and laid the body down on the roadway to open the car door and rearrange the contents of the car. This accounts for the blood spot where Batura's brother and brother-in-law say they found indications of blood.

The evidence as to tracks on the east side of the highway having been rejected by the jury there is nothing upon which its findings in respect to lookout and management can rest. The testimony of the watchman at the railroad crossing, some four or five hundred feet south, and of the boy who brought him his dinner, affords nothing but a basis for speculation. They do not pretend to know what occurred at the scene of the accident.

In view of the findings of the jury, it is not necessary to set out all the details of the accident but to consider only those matters which bear upon lookout, management and control.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on March 11, 1941.